**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ADALBERTO CONTRERAS OROZCO,** ) | |
| **#25725-077** ) | |
|       **Petitioner,** ) | |
| ) | |
| **v.** ) | **3:06-CV-0043-R** |
| ) | |
| **WARDEN FCI SEAGOVILLE,** ) | |
|       **Respondent.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a petition for a writ of habeas corpus brought by a federal prisoner pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is currently confined at the Federal Correction Institution (FCI) in Seagoville, Texas. Respondent is the Warden at FCI Seagoville. The Court did not issue process in this case, pending preliminary screening.

Statement of Fact: Petitioner pled guilty to possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 846. United States v. Adalberto Contreras Orozco, 3:94cr043-R(01) (N.D. Tex., Dallas Div.). On February 6, 1995, the District Court entered judgment sentencing Petitioner to 350 months imprisonment and a five-year term of supervised release. He did not appeal.

Prior to filing this action, on December 4, 2001, Petitioner filed a motion to vacate

sentence under 28 U.S.C. § 2255, which the District Court dismissed as barred by the one-year statute of limitations.  See Contreras Orozco v. United States, 3:01cv2563-R (N.D. Tex., Dallas Div., Mar. 27, 2002) (adopting the findings conclusions and recommendation of the magistrate judge filed on March 14, 2002).  The Fifth Circuit denied Petitioner's request for a certificate of appealability.  See No. 02-10625

In the present habeas petition, filed on January 6, 2006, Petitioner challenges the enhancement of his sentence under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).  Relying on the savings clause of § 2255, he argues that he is actually innocent of his sentence --i.e, the two points added "to enhance . . . [his] offense level based on a factor which had not been proven to a jury beyond a reasonable doubt nor ever admitted to by Mr. Orozco."  (Memorandum in Support at 5 and 9).  He further argues that the legal basis for his claim was unavailable at the time he filed his § 2255 motion.[1]  (Id. at 5).

Findings and Conclusions:  Although Petitioner denominates his current petition as one for relief under 28 U.S.C. § 2241, the petition clearly seeks to attack the legality of the sentence that he is currently serving.  A collateral attack on a federal criminal conviction and sentence is generally limited to a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Tolliver v. Dobre, 211 F.3d 876, 877 (5th

---

[1]        In Booker, the Supreme Court extended to the Federal Sentencing Guidelines the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and reaffirmed in Blakely v. Washington, 542 U.S. 296, 120 S.Ct. 2531, 159 L.Ed.2d 403 (2004), that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244, 125 S.Ct. at 756.  See also Padilla v. United States, 416 F.3d 424, 426 n. 1 (5th Cir. 2005).  The Booker Court also excised certain statutory provisions that made the Guidelines mandatory, thereby rendering them advisory only.  Booker, 543 U.S. at 245, 125 S.Ct. at 756-57.

Cir. 2000); <u>Cox v. Warden, Fed. Detention Center</u>, 911 F.2d 1111, 1113 (5th Cir. 1990).  While

a habeas petition under § 2241 is typically used to challenge the execution of a prisoner's

sentence, a federal prisoner may bring a § 2241 petition to challenge the legality of his

conviction or sentence if he can satisfy the mandates of the "savings clause" of § 2255.  <u>Padilla</u>

<u>v. United States</u>, 416 F.3d 424, 425-26 (5th Cir. 2005); <u>Reyes-Requena v. United States</u>, 243

F.3d 893, 900-01 (5th Cir. 2001); <u>see also</u> <u>Christopher v. Miles</u>, 342 F.3d 378, 381 (5th Cir.),

<u>cert. denied</u>, 540 U.S. 1085 (2003).[2]

Since Petitioner is incarcerated in the Northern District, this Court has jurisdiction to

determine whether his claims are properly brought under § 2241 via the savings clause of §

2255.  <u>Padilla</u>, 416 F.3d at 426 (determining that only the custodial court had jurisdiction to

determine whether petitioner could properly raise a claim under savings clause of § 2255);

<u>Hooker v. Sivley</u>, 187 F.3d 680, 682 (5th Cir. 1999).

The petitioner "bears the burden of affirmatively showing that the § 2255 remedy is

inadequate or ineffective."  <u>Padilla</u>, 416 F.3d at 426.  The savings clause of § 2255 applies to a

claim of actual innocence "(i) that is based on a retroactively applicable Supreme Court decision

which establishes that petitioner may have been convicted of a non-existent offense and (ii) that

was foreclosed by circuit law at the time when the claim should have been raised in the

---

[2]    The savings clause of § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is
authorized to apply for relief by motion pursuant to this section, shall not be
entertained if it appears that the applicant has failed to apply for relief, by motion,
to the court which sentenced him, or that such court has denied him relief, unless
it also appears that *the remedy by motion is inadequate or ineffective to test the
legality of his detention*.

28 U.S.C. § 2255 ¶ 5 (emphasis added).

petitioner's trial, appeal, or first § 2255 motion."  Id. (quoting Reyes-Requena, 243 F.3d at 904).

In Padilla, 416 F.3d at 425-26, the Fifth Circuit Court of Appeals held that a claim challenging only the validity of a sentence under Blakely and Booker did not fall within the savings clause of § 2255.  The Court concluded that the Booker's holding, like Apprendi, is "not retroactively applicable to cases on collateral review."  Id. at 426 (citing Booker, 125 S. Ct. at 738; Wesson v. U.S. Penitentiary Beaumont, 305 F.3d 343, 347 (5th Cir. 2002)).  It further concluded that the petitioner's claim, which challenged only the enhancement of his sentence for possession of a weapon, did "not demonstrate that [the petitioner] was convicted of a non-existent offense and [as a result] ha[d] no effect on whether the facts of his case would support his conviction for the substantive offense."  Id.

In this case, despite his arguments to the contrary, Petitioner is unable to satisfy the first prong of the savings clause test.  As in Padilla, his claims only challenge the enhancement of his sentence under Booker, and as such do not implicate his conviction for a substantive criminal offense.  Moreover, the Supreme Court has not made its decision in Booker retroactively applicable to cases on collateral review.  Padilla, 416 F.3d at 426.[3]  Insofar as Petitioner contends that he is unable to meet the second or successive requirement of the Antiterrorism and Effective Death Penalty Act (AEDPA) (Memorandum in Support at 2), his argument does not render his § 2255 remedy inadequate or ineffective.  See Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000) ("[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive'

---

[3]      The Fifth Circuit has held in the context of a first motion as well as a second or successive motion under § 2255 that the United States Supreme Court did not make Booker retroactively applicable to cases on collateral review.  See United States v. Gentry, 432 F.3d 600, (5th Cir. 2005) (first § 2255 motion); In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam) (second or successive § 2255 motion).

requirement, does not make § 2255 inadequate or ineffective.")).[4]

Accordingly, Petitioner is not entitled to invoke the savings clause of § 2255, and his § 2241 petition should be dismissed for lack of jurisdiction.  See Christopher, 342 F.3d at 385 (dismissing for lack of jurisdiction claim which failed to satisfy § 2255 savings clause).

RECOMMENDATION:

Because Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in his habeas corpus petition, it is recommended that the petition under 28 U.S.C. § 2241 be dismissed for want of jurisdiction.

A copy of this recommendation will be mailed to Petitioner Adalberto Contreras Orozco, #25725-077, FCI Seagoville, P.O. Box 9000, Seagoville, Texas 75159.

Signed this 28th day of February, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

_____

[4]      Petitioner relies on In re Jones, 226 F.3d 328 (4th Cir. 2000), a § 2241case raising a claim under Bailey v. United States, 516 U.S. 137 (1995), for the proposition that the § 2255 remedy is inadequate and ineffective.  In re Jones is inapplicable in that the petitioner was incarcerated for conduct that was not criminal under Bailey.  226 F.3d at 334.  In this case, on the other hand, Petitioner only challenges the enhancement of his sentence under Booker.